# 23-128

## In The
## United States Court of Appeals
## For The Second Circuit

Sherise Richardson
*Plaintiff-Appellant,*
*v.*
Edgewell Personal Care, LLC,
*Defendant-Appellee,*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
Case No. 21-cv-8275; HON. PHILIP M. HALPERN

**DEFENDANT-APPELLEE EDGEWELL PERSONAL CARE LLC'S
RESPONSE BRIEF**

STINSON LLP

Kieran M. Corcoran
100 Wall Street, Suite 201
New York, NY 10005
646.883.7480

STINSON LLP

Thomas H. Davis
Megan McCurdy
Courtney J. Harrison
Logan T. Fancher
1201 Walnut, Suite 2900
Kansas City, MO 64106
816.842.8600

*Attorneys for Defendant-Appellee Edgewell Personal Care, LLC*

## <u>CORPORATE DISCLOSURE STATEMENT</u>

Pursuant to Fed. R. App. P. 26.1, Defendant Edgewell Personal Care,

LLC states that its sole member is Playtex Products, LLC.

Date: May 23, 2023     Stinson LLP

          <u>s/ *Kieran Corcoran*</u>
          Kieran Corcoran
          *Attorney for Appellee Edgewell Personal Care, LLC*

**Table of Contents**

**CORPORATE DISCLOSURE STATEMENT**.................................................1

**STATEMENT OF THE ISSUES**..............................................................6

**STATEMENT OF THE CASE**...............................................................8

**SUMMARY OF ARGUMENT**..............................................................11

**ARGUMENT**....................................................................................14

   **I. THE DISTRICT COURT PROPERLY DISMISSED RICHARDSON'S GBL 349 AND 350 CLAIMS** ...................................16

     A. As the District Court Recognized, A Plaintiff Must Plausibly Allege a Defendant Has Materially Misled the Reasonable Consumer – Taking Into Consideration Explanatory Language. ...................................16

     B. The District Court Correctly Found Plaintiff Failed to Allege Sufficiently that EPC Materially Misled the Reasonable Consumer in Light of its Clear Explanatory Language ...................................21

     C. Richardson's Failure to Read the Full Label Dooms Her Claims. ............24

     D. The Cases Relied Upon by Appellant are Inapposite. ...............................27

   **II. THE DISTRICT COURT'S ORDER ACCORDS WITH THIS COURT'S DECISION IN *MANTIKAS V. KELLOGG CO.*** ....................30

   **III. THE DISTRICT COURT PROPERLY DISMISSED RICHARDSON'S BREACH OF WARRANTY CLAIM**......................33

**CONCLUSION**...............................................................................36

# TABLE OF AUTHORITIES

Page(s)

Cases

*Barreto v. Westbrae Nat., Inc.*,
518 F. Supp. 3d 795 (S.D.N.Y. 2021) ........................................................... 17, 19

*Belfiore v. Procter & Gamble Co.*,
311 F.R.D. 29 (E.D.N.Y. 2015) ........................................................................19

*Bell v. Publix Super Markets, Inc.*,
982 F.3d 468 (7th Cir. 2020) ...................................................................... 25, 26

*Bowring v. Sapporo U.S.A., Inc.*,
234 F. Supp. 3d 386 (E.D.N.Y. 2017) ...............................................................18

*Chiste v. Hotels.com L.P.*,
756 F. Supp. 2d 382 (S.D.N.Y. 2010) .......................................................... 20, 25

*Colpitts v. Blue Diamond Growers*,
527 F. Supp. 3d 562 (S.D.N.Y. 2021) .......................................................... 11, 33

*Denenberg v. Rosen*,
897 N.Y.S.2d 391 (App. Div. 2010) ..................................................................17

*Devane v. L'Oreal USA, Inc.*,
2020 WL 5518484 (S.D.N.Y. Sept. 14, 2020) ............................................. 18, 24

*Dinan v. SanDisk LLC*,
2020 WL 364277 (N.D. Cal. Jan. 22, 2020) .......................................................22

*Fink v. Time Warner Cable*,
714 F.3d 739 (2d Cir. 2013) ................................................................... passim

*Garcia v. Sony Computer Ent. Am., LLC*,
859 F. Supp. 2d 1056 (N.D. Cal. 2012)..............................................................22

*Gonzalez v. Costco Wholesale Corp.*,
2018 WL 4783962 (E.D.N.Y. Sept. 29, 2018) ............................................. 27, 28

*Henry v. Nissin Foods (U.S.A.) Co. Inc.*,
2023 WL 2562214 (E.D.N.Y. Mar. 17, 2023) ....................................................19

*Hingos v. W.L. Gore & Assoc.*,
  2017 WL 3309095 (N.D.N.Y. Jan. 27, 2017) ......................................... 14, 34, 35

*Jessani v. Monini N. Am., Inc.*,
  744 F. App'x 18 (2d Cir. 2018) ...................................................................... 12, 18

*Kommer v. Bayer Consumer Health, a division of Bayer AG*,
  710 F. App'x 43 (2d Cir. 2018) .......................................................... 12, 17, 19, 21

*Kommer*,
  252 F. Supp. 3d ...................................................................................................24

*Mantikas v. Kellogg Co.*,
  910 F.3d 633 (2d Cir. 2018) ........................................................................ passim

*Moran v. Edgewell Pers. Care, LLC*,
  2022 WL 3046906 (N.D. Cal. Aug. 2, 2022) .....................................................29

*O'Neil v. Argon Med. Devices, Inc.*,
  2020 WL 1149904 (N.D.N.Y. Feb. 13, 2020) ................................... 14, 33, 34, 35

*Orlander v. Staples, Inc.*,
  802 F.3d 289 (2d Cir. 2015) ...............................................................................17

*Oswego Laborers' Loc. 214 Pension Fund v. Marine Midland Bank, N.A.*,
  647 N.E.2d 741 (N.Y. 1995) ...............................................................................17

*Pichardo v. Only What You Need, Inc.*,
  2020 WL 6323775 (S.D.N.Y. Oct. 27, 2020) .....................................................19

*S.C. Johnson & Son, Inc. v. Clorox Co.*,
  241 F.3d 232 (2d Cir. 2001) ...............................................................................20

*S.Q.K.F.C., Inc. v. Bell Atl. TriCon Leasing Corp.*,
  84 F.3d 629 (2d Cir. 1996) .................................................................................18

*Time Warner Cable, Inc. v. DIRECTV, Inc.*,
  2007 WL 1138879 (S.D.N.Y. Apr. 16, 2007) .....................................................20

*Turk v. Rubbermaid Inc.*,
  2022 WL 836894 (S.D.N.Y. Mar. 21, 2022) ................................................. 18, 21

*Weinstein v. eBay, Inc.*,
   819 F. Supp. 2d 219 (S.D.N.Y. 2011) ....................................................25

*White v. Kroger Co.*,
   2022 WL 888657 (N.D. Cal. Mar. 25, 2022) ........................................28

**Statutes**

Haw. Rev. Stat. § 342D-21 ......................................................................9

N.Y. Gen. Bus. Law § 349................................................................ passim

N.Y. Gen. Bus. Law § 350................................................................ passim

N.Y. U.C.C. § 2-313(1)(a) ......................................................................33

**Rules**

Fed. R. Civ. P. 12(b)(6)...........................................................................16

**Other Authorities**

2018 Haw. Sess. Laws 455 .......................................................................9

## STATEMENT OF THE ISSUES

1.    Whether the district court correctly found that a reasonable consumer would not be misled by the "Reef Friendly*" "*Hawaii Compliant: No Oxybenzone or Octinoxate" or "Reef Friendly*" "*No Oxybenzone or Octinoxate" statements on the labels of Edgewell Personal Care, LLC's ("EPC") Hawaiian Tropic® sunscreen products because reasonable consumers would read the asterisk and the explanatory language and consumers are not entitled to ignore such explanatory language;

2.    Whether the district court's finding that a reasonable consumer would not be misled by the "Reef Friendly*" "*Hawaii Compliant: No Oxybenzone or Octinoxate" or "Reef Friendly*" "*No Oxybenzone or Octinoxate" statements on the labels of EPC's Hawaiian Tropic® sunscreen products accords with this Court's decision in *Mantikas v. Kellogg Co.*, 910 F.3d 633, 637 (2d Cir. 2018) because, unlike *Mantikas*, the statements on the labels of EPC's Hawaiian Tropic® sunscreen products include an asterisk directing consumers to explanatory language; and

3.    Whether the district court correctly held that the "Reef Friendly*" "*Hawaii Compliant: No Oxybenzone or Octinoxate" or "Reef Friendly*" "*No Oxybenzone or Octinoxate" statements on the labels of EPC's Hawaiian Tropic® sunscreen products do not create an express warranty that the products include only

ingredients that do not cause harm to coral reefs and instead create only an express

warranty that the products did not include oxybenzone or octinoxate.

## STATEMENT OF THE CASE

Appellant Richardson sued EPC over a sunscreen label statement that she admits she did not read, claiming the label says something it does not say.

Specifically, Richardson alleges that EPC deceptively and falsely marketed its Hawaiian Tropic® sunscreen products as "Reef Friendly." *See* A-009-017, ¶ 2. However, the full claim on the label of EPC's products at issue -- which Richardson ignored -- reads "Reef Friendly*" with the back label asterisk further explaining: "*Hawaii Compliant: No Oxybenzone or Octinoxate" or "*No Oxybenzone or Octinoxate," depending on the product. *See e.g.*, A-050-090.




A-079-080.

In 2018, Hawaii passed a ban on the sale of sunscreen products containing oxybenzone or octinoxate, such ban taking effect on January 1, 2021. Haw. Rev. Stat. § 342D-21.[1] Specifically, the law states "it shall be unlawful to sell, offer for sale, or distribute for sale in the State any sunscreen that contains oxybenzone or octinoxate, or both, without a prescription issued by a licensed healthcare provider." Haw. Rev. Stat. § 342D-21 (a). The purpose of the ban "is to preserve marine ecosystems, including coral reefs[.]" 2018 Haw. Sess. Laws 455-56. *See also* Haw. Rev. Stat. § 342D-21, Historical and Statutory Notes.

In anticipation of the ban, many sunscreen manufacturers, including EPC, removed oxybenzone and octinoxate from many of their sunscreen products. Moreover, EPC added the "Reef Friendly*" "*Hawaii Compliant: No Oxybenzone or Octinoxate" and "Reef Friendly*" "*No Oxybenzone or Octinoxate" statements to the labels of its Hawaiian Tropic® sunscreen products at issue in this case.

Richardson alleges she purchased EPC's Hawaiian Tropic® Silk Hydration Weightless SPF 30 sunscreen product at a Walmart Store in Middletown, New York. A-020-021, ¶ 9. In her initial complaint, Richardson did not mention the "*No Oxybenzone or Octinoxate" language on the back of the label at all, nor did she

---

[1] Richardson alleged in her First Amended Complaint and asserts again in her Opening Brief that the Hawaiian Legislature also "amend[ed] the bill in 2021 to add avobenzone and octocrylene [to the ban] starting in 2023." Opening Brief at 6; A-031, ¶ 28. That is false. The Hawaiian Legislature has considered, but has not passed, such an amendment.

include any image of such language in her initial complaint. After EPC filed a motion to dismiss, noting this Court's precedent in *Fink v. Time Warner Cable* that "[a] plaintiff who alleges that he was deceived by an advertisement may not misquote or misleadingly excerpt the language of the advertisement in his pleadings and expect his action to survive a motion to dismiss or, indeed, to escape admonishment," Richardson amended her complaint. *See Fink v. Time Warner Cable*, 714 F.3d 739, 742 (2d Cir. 2013).[2]

Alongside her FAC, Richardson included full images of the product labels at issue and further admitted, for the first time, that she did not read the label at issue in this case when she purchased the product. *See* A-009-090. Specifically, Richardson admits she "did not see and was not aware of any asterisk on the Challenged Representation" and she "was not aware that the back panel of the Product contained any information relating to the Challenged Representation." A-020-021, ¶ 9.

In her FAC, Richardson asserted putative class claims for (1) violation of N.Y. Gen. Bus. Law § 349; (2) violation of N.Y. Gen. Bus. Law § 350; and (3) breach of

---

[2] Even in her Opening Brief to this Court, Richardson includes only an image of the front label of one of the products at issue, excluding the back label with the explanatory "*No Oxybenzone or Octinoxate" language. *Compare* Opening Brief at 9 *with* A-081-082. Richardson does not mention the "*Hawaii Compliant: No Oxybenzone or Octinoxate" version of the explanatory language at all. *See* Opening Brief.

express warranty.[3] *See* A-009-048. Richardson brought the New York GBL §§ 349 and 350 claims on behalf of a putative New York subclass, and she brought the breach of express warranty claim on behalf of a putative nationwide class.

EPC moved to dismiss Richardson's FAC. On January 30, 2023 the district court granted EPC's motion to dismiss the FAC, finding in relevant part that the "Reef Friendly*" "*Hawaii Compliant: No Oxybenzone or Octinoxate" and "Reef Friendly*" "*No Oxybenzone or Octinoxate" statements are not materially misleading and that said statements do not create the express warranty Richardson alleges. A-104-119. Richardson appealed, leading to this round of briefing.

## SUMMARY OF ARGUMENT

The district court properly dismissed Richardson's claims.

Regarding Richardson's GBL 349 and 350 claims, the district court correctly held that the "Reef Friendly*" "*Hawaii Compliant: No Oxybenzone or Octinoxate" and "Reef Friendly*" "*No Oxybenzone or Octinoxate" claims on the labels are not materially misleading to a reasonable consumer.

This Court has stated it is "well settled that a court may determine as a matter of law that an allegedly deceptive advertisement would not have misled a reasonable

---

[3] Richardson also alleged a claim for breach of the implied warranty of merchantability, but conceded the claim after EPC pointed out that Richardson lacks privity with EPC, which is required under New York law. *See Colpitts v. Blue Diamond Growers*, 527 F. Supp. 3d 562, 591 (S.D.N.Y. 2021).

11

consumer." *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013). Thus, to state a claim, "plaintiffs must do more than plausibly allege that a label might conceivably be misunderstood by some few consumers. Plaintiffs must plausibly allege that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Jessani v. Monini N. Am., Inc.*, 744 F. App'x 18, 19 (2d Cir. 2018) (internal citations and quotations omitted).

Where, as here, a plaintiff's claims are predicated on an alleged misrepresentation on a product label, those claims should be dismissed if the product packaging and labels *as a whole* are not plausibly "likely to mislead a reasonable consumer acting reasonably under the circumstances." *Kommer v. Bayer Consumer Health*, 252 F. Supp. 3d 304, 310–11 (S.D.N.Y. 2017), *aff'd sub nom. Kommer v. Bayer Consumer Health, a division of Bayer AG*, 710 F. App'x 43 (2d Cir. 2018). As this Court has repeatedly stated: "[i]n determining whether a reasonable consumer would have been misled by a particular advertisement, context is crucial." *Mantikas* at 636 (quoting *Fink*, 714 F.3d at 741). Accordingly, "[t]he presence of a disclaimer or similar clarifying language may defeat a claim of deception." *Fink*, 714 F.3d at 742.

To that end, the asterisk and explanatory language on the products here make all the difference: the district court held "[t]he asterisk appended to the

representation [] asks consumers to read the rest of the label for further clarification" and "[i]ndeed, located at the very top of the back label is the clarifying language[.]" A-115. Reading the full label claim, which Richardson failed to do, the district court properly concluded that "the 'Reef Friendly*' representation is not materially misleading[.]"

Richardson's argument that the district court's decision is inconsistent with this Court's precedent in *Mantikas* is erroneous: the district court's decision accords with *Mantikas*. The "WHOLE GRAIN" and "MADE WITH WHOLE GRAIN" claims on the labels at issue in *Mantikas* did not include any asterisks directing consumers to explanatory language and, by extension, did not include any such explanatory language. 910 F.3d at 635. Here, of course, there is an asterisk on each of the products that leads reasonable consumers to the "*Hawaii Compliant: No Oxybenzone or Octinoxate" or "*No Oxybenzone or Octinoxate" explanatory language prominently set apart at or near the top of the back label.

Applying the exact analysis this Court laid out in *Mantikas*, the district court "consider[ed] the challenged advertisement as a whole, including disclaimers and qualifying language." *Mantikas*, 910 F.3d at 636. By doing so, the district court correctly held that the "Reef Friendly*" "*Hawaii Compliant: No Oxybenzone or Octinoxate" and "*No Oxybenzone or Octinoxate" claims are not materially misleading.

Further, the district court properly dismissed Richardson's breach of express warranty claim for similar reasons. EPC did not make an express warranty that the products only include ingredients that do not cause harm to and/or kill coral reefs. Rather, the label correctly states only that the products are made without Oxybenzone or Octinoxate. This is key, because Richardson cannot allege that she reasonably relied on *some terms* of the warranty, she must allege that she reasonably relied on the *exact terms* of the warranty. *See O'Neil v. Argon Med. Devices, Inc.*, No. 317CV640DNHTWD, 2020 WL 1149904, at *7 (N.D.N.Y. Feb. 13, 2020), *report and recommendation adopted,* No. 317CV640DNHTWD, 2020 WL 1140511 (N.D.N.Y. Mar. 9, 2020); *Hingos v. W.L. Gore & Assoc.*, No. 316CV969NAMDEP, 2017 WL 3309095, at *6 (N.D.N.Y. Jan. 27, 2017).

Simply put, the only potential warranty here stems from the "Reef Friendly*" "*Hawaii Compliant: No Oxybenzone or Octinoxate" or "Reef Friendly*" "*No Oxybenzone or Octinoxate" statements on the product labels. If Richardson had relied on the complete and exact terms of "Reef Friendly*" "*Hawaii Compliant: No Oxybenzone or Octinoxate" then no breach would exist because the representation is true.

## **ARGUMENT**

Richardson is not entitled to claim a label is false, misleading, and deceptive while simultaneously ignoring half of what that label says: "A plaintiff who alleges

that he was deceived by an advertisement may not misquote or misleadingly excerpt the language of the advertisement in his pleadings and expect his action to survive a motion to dismiss or, indeed, to escape admonishment." *Fink v. Time Warner Cable*, 714 F.3d 739, 742 (2d Cir. 2013) (affirming dismissal of N.Y. Gen. Bus. Law § 349 claim). *See* A-009-018, ¶¶ 2-3.

Richardson alleges EPC "falsely, misleadingly, and deceptively" labels its Hawaiian Tropic® sunscreen products as "Reef Friendly." A-018, ¶ 3. Richardson, however, ignores half the label. Namely, she ignores the asterisk that leads consumers to explanatory language at the top of the back label informing consumers what "Reef Friendly*" means: "*Hawaii Compliant: No Oxybenzone or Octinoxate" or "*No Oxybenzone or Octinoxate." Indeed, in her initial Complaint, Richardson did not mention the explanatory language at all nor did Richardson include full and complete images of the products' labels.

For the first time in her FAC, Richardson admitted she did not read the explanatory "*Hawaii Compliant: No Oxybenzone or Octinoxate" or "*No Oxybenzone or Octinoxate" language, which of course constitutes half of the "Reef Friendly*" "*Hawaii Compliant: No Oxybenzone or Octinoxate" or "*No Oxybenzone or Octinoxate" claim on the label. *See* A-020, ¶ 9. Additionally, alongside her FAC, Richardson filed the full images of the products' labels. *See* A-050-090.

Even now, Richardson does not address the explanatory language—which was the crux of the district court's order—until page 30 of her 41-page Opening Brief. *See* Opening Brief at 30. Regardless of whether Richardson read it or not, the explanatory language is on the products' labels for all consumers to see. *See* A-050-090. As the district court correctly held, reasonable consumers read product labels -- including explanatory language following an asterisk. Properly viewing the "Reef Friendly*" "*Hawaii Compliant: No Oxybenzone or Octinoxate" and "*No Oxybenzone or Octinoxate" claims in full, the district court correctly dismissed Richardson's GBL §§ 349 and 350 claims and breach of express warranty claim. This Court should affirm the district court's Order.

## I. THE DISTRICT COURT PROPERLY DISMISSED RICHARDSON'S GBL 349 AND 350 CLAIMS.

Richardson did not—and cannot—plausibly allege that a significant portion of the general consuming public would be misled by EPC's "Reef Friendly*" "*Hawaii Compliant: No Oxybenzone or Octinoxate" or "*No Oxybenzone or Octinoxate" claim on the label. The district court properly dismissed Richardson's claims because they fail to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6).

### A. As the District Court Recognized, A Plaintiff Must Plausibly Allege a Defendant Has Materially Misled the Reasonable Consumer – Taking Into Consideration Explanatory Language.

Under either GBL § 349 or § 350, a plaintiff must demonstrate that "a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice." *Kommer v. Bayer Consumer Health*, 252 F. Supp. 3d 304, 310–11 (S.D.N.Y. 2017), *aff'd sub nom. Kommer v. Bayer Consumer Health, a division of Bayer AG*, 710 F. App'x 43 (2d Cir. 2018) (citing *Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015)). "Section 349 of the GBL declares deceptive acts and practices unlawful and section 350 declares false advertising unlawful. 'The standard for recovery under [section] 350, while specific to false advertising, is otherwise identical to Section 349.'" *Barreto v. Westbrae Nat., Inc.*, 518 F. Supp. 3d 795, 802 (S.D.N.Y. 2021) (quoting *Denenberg v. Rosen*, 897 N.Y.S.2d 391 (App. Div. 2010)). "Conduct is materially misleading under GBL §§ 349 and 350 if it is 'likely to mislead a reasonable consumer acting reasonably under the circumstances.'" *Id.* (quoting *Oswego Laborers' Loc. 214 Pension Fund v. Marine Midland Bank, N.A.*, 647 N.E.2d 741 (N.Y. 1995)).

This inquiry is objective and "may be resolved as a matter of law on a motion to dismiss." *Kommer v. Bayer Consumer Health*, 252 F. Supp. 3d 304, 311 (S.D.N.Y. 2017), *aff'd sub nom. Kommer v. Bayer Consumer Health, a division of Bayer AG*, 710 F. App'x 43 (2d Cir. 2018). Contrary to Richardson's assertions that it is unusual for a court to dismiss GBL violations as a matter of law, this Court has

held that "[i]t is well settled that a court may determine as a matter of law that an allegedly deceptive advertisement would not have misled a reasonable consumer." *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013). *See also S.Q.K.F.C., Inc. v. Bell Atl. TriCon Leasing Corp.*, 84 F.3d 629, 637 (2d Cir. 1996); *Bowring v. Sapporo U.S.A., Inc.*, 234 F. Supp. 3d 386, 390 (E.D.N.Y. 2017) ("Courts routinely conclude that the presence of a disclaimer, considered in context, precludes the finding that a reasonable consumer would be deceived by the defendant's conduct.") (collecting cases). This is because "plaintiffs must do more than plausibly allege that a label might conceivably be misunderstood by some few consumers. Plaintiffs must plausibly allege that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Jessani v. Monini N. Am., Inc.*, 744 F. App'x 18, 19 (2d Cir. 2018) (internal citations and quotations omitted).

Reasonable consumers are required to read the product's label. *See Gordon v. Target Corp.*, 20-CV-9589, 2022 WL836773, *10 (S.D.N.Y. Mar. 18, 2022) ("[i]t is unreasonable—as Plaintiff attempts—to suggest that a consumer is not required to read a product's label to obtain information.") (quoting *Devane v. L'Oreal USA, Inc.*, No. 19 CIV. 4362 (GBD), 2020 WL 5518484, at *5, n. 3 (S.D.N.Y. Sept. 14, 2020)). Reading the label includes reading explanatory language following an asterisk. *Turk v. Rubbermaid Inc.*, No. 21-CV-270 (KMK), 2022 WL 836894, at *7

(S.D.N.Y. Mar. 21, 2022) (dismissing Section 349 and 350 claims where the alleged misleading statement was "accompanied by an asterisk leading to another statement" that qualified it, reasoning "[t]he Court fails to understand how a reasonable consumer could interpret those statements to mean [what Plaintiff alleged]."); *Henry v. Nissin Foods (U.S.A.) Co. Inc.*, No. 22CV363NGGRER, 2023 WL 2562214 (E.D.N.Y. Mar. 17, 2023) (An "asterisk puts consumers that read the [challenged statement] on notice that the packaging contains related additional information.").

Where, as here, a plaintiff's claims are predicated on an alleged misrepresentation on a product label, those claims should be dismissed if the product packaging and labels *as a whole* are not plausibly "likely to mislead a reasonable consumer acting reasonably under the circumstances." *Kommer v. Bayer Consumer Health*, 252 F. Supp. 3d 304, 310–11 (S.D.N.Y. 2017), *aff'd sub nom. Kommer v. Bayer Consumer Health, a division of Bayer AG*, 710 F. App'x 43 (2d Cir. 2018). *See also Barreto*, 518 F. Supp. 3d at 802 ("In determining whether a reasonable consumer would be misled, '[c]ourts view each allegedly misleading statement in light of its context on the product label or advertisement as a whole.'") (*quoting Pichardo v. Only What You Need, Inc.*, No. 20-CV-493 (VEC), 2020 WL 6323775, at *2 (S.D.N.Y. Oct. 27, 2020)); *Belfiore v. Procter & Gamble Co.*, 311 F.R.D. 29, 53 (E.D.N.Y. 2015) ("Courts view each allegedly misleading statement in light of its context on the product label or advertisement as a whole. The entire

mosaic is viewed rather than each tile separately.")(internal quotation marks omitted)); *Time Warner Cable, Inc. v. DIRECTV, Inc.*, No. 06CIV.14245(LTS)(MHD, 2007 WL 1138879, at *4 (S.D.N.Y. Apr. 16, 2007) ("In considering false advertising claims, the Court is to bear in mind that 'fundamental to any task of interpretation is the principle that text must yield to context,' and that the Court must 'consider the advertisement[s] in [their] entirety and not engage in disputatious dissection.") (quoting *S.C. Johnson & Son, Inc. v. Clorox Co.*, 241 F.3d 232, 238 (2d Cir. 2001)).

Plausibility in this context requires "more than a sheer possibility that a defendant acted unlawfully" and considers "the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." *Fink*, 714 F.3d at 742. Accordingly, "[t]he presence of a disclaimer or similar clarifying language may defeat a claim of deception." *Fink*, 714 F.3d at 742. *See also Chiste v. Hotels.com L.P.*, 756 F. Supp. 2d 382, 404 (S.D.N.Y. 2010) ("There can be no claim for deceptive acts or practices, however, when the alleged deceptive practice was fully disclosed."); *Kommer v. Bayer Consumer Health*, 252 F.Supp.3d 304, 312 (S.D.N.Y. 2017) (dismissing claims where a "disclaimer [was] printed in reasonably-sized font right at the top of the Instructions" that were

allegedly deceptive), *aff'd sub nom. Kommer v. Bayer Consumer Health, a division of Bayer AG*, 710 F. App'x 43, 44 (2d Cir. 2018).

## B. The District Court Correctly Found Plaintiff Failed to Allege Sufficiently that EPC Materially Misled the Reasonable Consumer in Light of its Clear Explanatory Language.

It is indisputable that the very same labels on the products that contains the "Reef Friendly*" statement that Richardson complains about *also* include explanatory language telling consumers *exactly* what "Reef Friendly*" means: "*Hawaii Compliant: No Oxybenzone or Octinoxate" or "*No Oxybenzone or Octinoxate." *See* A-050-090. It is further indisputable that the "Reef Friendly*" statement on each of the products is followed immediately by an asterisk. *See* A-009-017, ¶ 2.

A significant portion of the general consuming public would not look at "Reef Friendly*," with an asterisk, and believe it is a complete representation: a reasonable consumer knows that an asterisk indicates there is more they need to read. *See e.g.*, *Turk v. Rubbermaid Inc.*, No. 21-CV-270 (KMK), 2022 WL 836894, at *7 (S.D.N.Y. Mar. 21, 2022) (dismissing Section 349 and 350 claims where the alleged misleading statement was "accompanied by an asterisk leading to another statement" that qualified it, reasoning "[t]he Court fails to understand how a reasonable consumer could interpret those statements to mean [what Plaintiff alleged]."). A reasonable consumer will read the full representation, including the explanatory language

following the asterisk, and know what the term "Reef Friendly*" means. *See Gordon*, 2022 WL836773, *10. [4]

It is perhaps for this reason Richardson ignores the asterisk and explanatory language on EPC's labels. Richardson repeatedly argues about what a consumer would read "Reef Friendly" --standing alone -- to mean. But not a single product at issue in this case includes a claim that simply says "Reef Friendly." Put differently, Richardson argues that EPC misled reasonable consumers, including her, into believing that the products only contain ingredients that cannot harm or kill coral reefs (*see* A-018, ¶ 3), but EPC makes no such representation. Even if a consumer were to only look at the front label, they would see the claim "Reef Friendly*" with an asterisk. As the district court correctly found "[t]he asterisk appended to the 'Reef Friendly' representation is plainly visible on the front of the label and would lead a

---

[4] Richardson relies heavily on California cases, as California is arguably the most favorable jurisdiction in the country for alleging false or deceptive advertising claims. *See* Opening Brief at 18-22. Yet even in California, courts dismiss claims like Richardson's because reasonable consumers know what an asterisk means on product labels. *See Dinan v. SanDisk LLC*, No. 18-CV-05420-BLF, 2020 WL 364277, *8 (N.D. Cal. Jan. 22, 2020) ("Because the asterisk calls the consumers attention to the fact there is supplemental information on the package that the consumer should read, it matters less that the disclosure is allegedly not conspicuous on the package."), *aff'd,* 844 F. App'x 978 (9th Cir. 2021); *Garcia v. Sony Computer Ent. Am., LLC*, 859 F. Supp. 2d 1056, 1065 (N.D. Cal. 2012) (statements on package about product compatibility accompanied by an asterisk directing consumers to a separate document were "only partial statements, and do not rise to the level of affirmative misrepresentations" without examining the document referred to).

reasonable consumer 'to another statement' carrying a corresponding asterisk elsewhere on the label." A-115.

Moreover, Richardson's faux definition of "Reef Friendly*" is facially inconsistent with the explanatory language following the asterisk. The definition of "Reef Friendly*" is included on the label: "*Hawaii Compliant: No Oxybenzone or Octinoxate" or "*No Oxybenzone or Octinoxate." Richardson is not entitled to ignore the definition on the label, substitute her own strategically concocted definition in its place and argue that the label is deceptive or misleading. Indeed, Richardson's ignorance of half the label is fatal under New York law. *See Gordon v. Target Corp.*, 20-CV-9589, 2022 WL836773, *10 (S.D.N.Y. Mar. 18, 2022) (dismissing claims under GBL §§ 349 and 350 because the plaintiff "failed to actually identify a material misstatement or omission on the Product's label that would deceive a reasonable consumer.").

In *Gordon*, the court analyzed a claim that a product's label misleadingly concealed the existence of added sugar – despite the disclosure of added sugar on the product's label. *Id.* at 11. The court reasoned that it must consider "each allegedly misleading statement in light of its context on the product label or advertisement as a whole" and that the court must review "the entire mosaic…rather than each tile separately." *Id.* (cleaned up). The court went on to note that because the label actually did disclose the existence of added sugar, the plaintiff was essentially

suggesting that she was "not required to read a product's label to obtain information." *Id*. But "it is unreasonable [to do so]. Reasonableness cannot be based solely on what the consumer might have known prior to picking up the Product[] and examining the label[]." *Id*. (quoting *Devane*, 2020 WL 5518484, at *5, n. 3 (S.D.N.Y. Sept. 14, 2020)). As such, the court dismissed Richardson's claims for failure to establish misrepresentation. *Id*.

The district court correctly recognized that, when read as a whole, the label confirms to a reasonable consumer that "Reef Friendly*" means "*Hawaii Compliant: No Oxybenzone or Octinoxate" or "*No Oxybenzone or Octinoxate" – a true, accurate and supported representation:

> A reasonable consumer would read the phrases "Reef Friendly*" and "*No Oxybenzone or Octinoxate" to mean that the Products are reef friendly because they do not contain any Oxybenzone or Octinoxate. Likewise, a reasonable consumer would read the phrases "Reef Friendly*" and "*Hawaii Compliant: No Oxybenzone or Octinoxate" to mean that those sunscreen products are reef friendly because they do not contain Oxybenzone or Octinoxate in compliance with Hawaiian state law.

A-116.

## C. Richardson's Failure to Read the Full Label Dooms Her Claims.

Richardson, who never read the explanatory language, does not—and cannot—argue that she was confused by the explanatory language or that she did not understand its meaning. *See Kommer*, 252 F. Supp. 3d at 312 ("Assuming that a reasonable consumer might ignore the evidence plainly before him 'attributes to

consumers a level of stupidity that the Court cannot countenance and that is not actionable under G.B.L. § 349.'") (quoting *Chiste*, 756 F. Supp. 2d at 404)); *Weinstein v. eBay, Inc.*, 819 F. Supp. 2d 219, 228 (S.D.N.Y. 2011) ("[T]he applicable legal standard is whether a reasonable consumer, not the least sophisticated consumer, would be misled by Defendants' actions.").

By admitting she did not read the label she complains about, Richardson effectively admits that *she is not a reasonable consumer*. As recognized by this Court "[a] plaintiff who alleges that [she] was deceived by an advertisement may not misquote or misleadingly excerpt the language of the advertisement in [her] pleadings and expect [her] action to survive a motion to dismiss or, indeed, to escape admonishment." *Fink*, 714 F.3d at 742. As this Court has done before, here this Court should "easily conclude that Plaintiff['s] claims lack the facial plausibility necessary to survive a motion to dismiss." *See id.*

Richardson relies heavily on a case from another circuit, *Bell v. Publix Super Markets, Inc.*, 982 F.3d 468 (7th Cir. 2020). Not only is this case obviously not binding, it is inapposite. In *Bell*, the Seventh Circuit considered whether the label statement "100% Grated Parmesan Cheese" was likely to deceive a reasonable consumer when the ingredient list on the back label show that the products "contain cellulose powder and potassium sorbate to prevent the grated cheese from caking and getting moldy, respectively." *Bell*, 982 F.3d at 473–74.

Notably, unlike the "Reef Friendly*" "*Hawaii Compliant: No Oxybenzone or Octinoxate" or "*No Oxybenzone or Octinoxate" statements at issue here, the "100% Grated Parmesan Cheese" statement in *Bell* did not include any asterisk, nor did it include any specific language on the back label defining or explaining "100% Grated Parmesan Cheese." *See, generally*, *Bell*, 982 F.3d 468. Accordingly, the very reason the district court properly dismissed Richardson's claims here—the asterisk with the explanatory "*Hawaii Compliant: No Oxybenzone or Octinoxate" or "*No Oxybenzone or Octinoxate" language—was not present in *Bell*.

Richardson further relies on *Bell* to argue that the district court's dismissal of her claims was improper due to the "fact-intensive" nature of this case. *See* Opening Brief at 16. But there is nothing "fact-intensive" where the plaintiff admits she did not read the full label she complains of. Where the law requires a challenged advertisement to be considered "as a whole, including disclaimers and qualifying language" and a plaintiff concedes she did not read the label statement as a whole, including disclaimers and qualifying language, no amount of discovery can preserve that plaintiff's claims.[5]

---

[5] For a similar reason, the district court was also correct to dismiss Richardson's claims without granting her leave to amend. No amendment can correct Richardson's fatal error of failing to read the label statement she claims to be deceptive. The bell cannot be un-rung.

**D. The Cases Relied Upon by Appellant are Inapposite.**

As with *Bell*, Richardson's reliance on other cases is misplaced. First, in *Gonzalez*, the plaintiff alleged that defendant's use of labels on its dish soap and laundry detergent products stating that the products are "environmentally responsible" was misleading. *Gonzalez v. Costco Wholesale Corp.*, No. 16CV2590NGGJO, 2018 WL 4783962, at *1 (E.D.N.Y. Sept. 29, 2018). Additionally, the plaintiff alleged the products' labels "are also filled with imagery—icons resembling recycling symbols, water drops, leaves, and a central image of a leaf floating in pristine water—which, according to Plaintiff, are 'highly suggestive of 'green,' environmentally responsible products.'" *Id.*

Taken together, the plaintiff "allege[d] that these statements and this imagery create 'an impression that the Products are natural, safer, and environmentally sound alternatives to traditional dish soaps and detergents.'" *Id.* Accordingly, the label representations at issue in *Gonzalez* are vastly different from the "Reef Friendly*" "*Hawaii Compliant: No Oxybenzone or Octinoxate" and "*No Oxybenzone or Octinoxate" representations at issue here.

Moreover, the defendant in *Gonzalez* argued that the plaintiff failed to plead that the "environmentally responsible" representation was false because other statements on the label substantiate the "environmentally responsible" claim. *Id.* at 9. Notably, and similar to *Bell*, this is a case where the "environmentally

responsible" statement stands alone as a complete representation: it is not paired with any asterisk directly linking it to any explanatory language. In that context, with different and seemingly unrelated statements on the products, the court held that it was unclear how a reasonable consumer would understand the statements. *Id.* at 10. Thus, not only are the representations at issue in *Gonzalez* materially different from the representations here, they also lack the very thing the district court's decision here was based on: an asterisk directly linking the claim at issue to explanatory language.

Richardson further relies on three Northern District of California cases which also involve reef-related sunscreen label statements, but which are all distinguishable for varying reasons. For instance, in *White v. Kroger Co.*, the label statement issue stated "reef friendly," by itself, with no explanatory language at all. *White v. Kroger Co.*, No. 21-CV-08004-RS, 2022 WL 888657, at *1 (N.D. Cal. Mar. 25, 2022). Accordingly, Kroger Co. simply argued that the "reef friendly" statement was mere puffery. *Id.* at 1–2. No such argument is at issue here, because none of the label statements at issue here simply state "reef friendly," every label statement here includes either "*Hawaii Compliant – No Oxybenzone or Octinoxate" or "*No Oxybenzone or Octinoxate" explanatory language.

Additionally, in *Locklin v. StriVectin Operating Co., Inc.*, the court considered the claim "REEF SAFE* SUNSCREEN" "*No Oxybenzone or Octinoxate," which

is distinguishable from the "Reef Friendly\*" "\*Hawaii Compliant – No Oxybenzone or Octinoxate" and "Reef Friendly\*" "\*No Oxybenzone or Octinoxate" statements here. Whereas "safe" is an unambiguous, absolute term, "friendly" is not.

But the most important difference between this case and the California cases upon which Richardson relies is that the plaintiffs in the California cases **actually read the label statements they complained about**.[6] Of course, Richardson admits she did not read the "\*No Oxybenzone or Octinoxate" explanatory language on the sunscreen product she purchased. As the district court recognized "[h]owever, despite reading the phrase 'Reef Friendly\*' on the Purchased Product's label, [Richardson] alleges that she 'did not see and was not aware' of the asterisk that immediately follows the representation and did not read any information on the back label." A-106.

Under the facts, as alleged by Richardson in this case, the district court properly held that "[i]t is unreasonable—as Plaintiff attempts—to suggest that a consumer is not required to read a product's label to obtain information." A-115 (quoting *Gordon v. Target Corp.*, 20-CV-9589, 2022WL836773, \*10 (S.D.N.Y.

---

[6] Similarly, in yet another California case, this one regarding EPC's Banana Boat® sunscreen products and a similar "Reef Friendly – No Oxybenzone or Octinoxate" claim (but without the asterisk\*), the plaintiff's deceptive advertising claims survived because the plaintiff alleged "that she saw and read the allegedly deceptive statements on the label." *Moran v. Edgewell Pers. Care, LLC*, No. 21-CV-07669-RS, 2022 WL 3046906, \*4 (N.D. Cal. Aug. 2, 2022) (emphasis added).

Mar. 18, 2022). The district court correctly dismissed Richardson's GBL §§ 349 and 350 claims, and this Court should affirm that dismissal.

## II. THE DISTRICT COURT'S ORDER ACCORDS WITH THIS COURT'S DECISION IN *MANTIKAS V. KELLOGG CO.*

The second issue Richardson presents on appeal is "[w]hether the district court ran afoul of this Court's decision in *Mantikas v. Kellogg Co.*, 910 F.3d 633, 637 (2d Cir. 2018)[.]" Opening Brief at 4. The district court did not. The issues before this Court in *Mantikas* were materially different than the issues before this Court here. Not only does the district court's decision not "[run] afoul of" *Mantikas*, it accords with it.

In *Mantikas*, this Court considered whether the claims "WHOLE GRAIN" and "MADE WITH WHOLE GRAIN" on the front label of Cheez-It cracker products were misleading when the grain in the products was predominantly white flour. 910 F.3d at 637. Notably, and similar to the label statements in *Bell* and *Gonzalez* discussed *infra*, the "WHOLE GRAIN" and "MADE WITH WHOLE GRAIN" statements in *Mantikas* were unqualified: there was no asterisk directing consumers to explanatory language and, necessarily, there was no such explanatory language regarding the meaning of the "WHOLE GRAIN" and "MADE WITH WHOLE GRAIN" statements on the label:

 

*Id.* at 635.

Instead, the defendant argued that the ingredient list on the side panel of the packaging would indicate to consumers that white flour is the predominant ingredient. *Id.* at 637. In that context, this Court concluded that "a reasonable consumer should not be expected to consult the Nutrition Facts panel on the side of the box to correct misleading information set forth in large bold type on the front of the box." *Id.*

Here, there is an asterisk on each of the products that leads reasonable consumers to the "*Hawaii Compliant: No Oxybenzone or Octinoxate" or "*No Oxybenzone or Octinoxate" explanatory language prominently set apart at or near the top of the back label. Richardson is not entitled by this Court's precedent in *Mantikas* to read "Reef Friendly*" in a vacuum, concoct whatever definition she wants for those two words while ignoring the asterisk indicating that there is more

to the representation, and then complain when her faux definition of "Reef Friendly*" is inconsistent with the explanatory "*Hawaii Compliant: No Oxybenzone or Octinoxate" or "*No Oxybenzone or Octinoxate" definition on the label that she did not read.

Further, this Court expressly recognized in *Mantikas* that "[i]n determining whether a reasonable consumer would have been misled by a particular advertisement, context is crucial." *Id.* at 636 (quoting *Fink*, 714 F.3d at 741). For that reason, this Court "consider[s] the challenged advertisement as a whole, including disclaimers and qualifying language." *Id.* Additionally, quoting *Fink*, this Court noted "the presence of a disclaimer or similar clarifying language may defeat a claim of deception." *Id.* (quoting *Fink*, 714 F.3d at 741).

There was not any true disclaimer or explanatory language at issue in *Mantikas*. There was merely information on the ingredients list that was not obviously connected to the "WHOLE GRAIN" or "MADE WITH WHOLE GRAIN" statements on the front of the products. *See id.* at 637. That is not the case here. Here there is explanatory language directly and unambiguously tied to the "Reef Friendly*" statement on the front label of the products at issue. Accordingly, the district court's conclusion that "considering the Purchased Product's label as a whole . . . the 'Reef Friendly*' representation is not materially misleading" accords with this Court's decision in *Mantikas*. *See* A-116.

This Court's analysis considering the challenged claim as a whole in *Mantikas*, and before that in *Fink*, is well founded. Conversely, any ruling permitting a plaintiff to wittingly or unwittingly misread a product label, in this case to ignore the explanatory language denoted by the asterisk*, would open a floodgate of tenuous deceptive advertising claims in New York. Well-meaning defendants like EPC who deliberately include explanatory language on their product labels to inform consumers would be punished by being subject to suit from plaintiffs who, like Richardson here, do not even bother to read the explanatory language and then cherry pick a word or two later as being misleading.

## III. THE DISTRICT COURT PROPERLY DISMISSED RICHARDSON'S BREACH OF WARRANTY CLAIM.

EPC cannot breach an express warranty that EPC did not promise to make. An express warranty is an "affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis for the bargain." N.Y. U.C.C. § 2-313(1)(a). "[A] breach of express warranty claim must allege: (1) the existence of a material statement amounting to a warranty, (2) the buyer's reliance on this warranty as a basis for the contract with the immediate seller, (3) breach of the warranty, and (4) injury to the buyer caused by the breach." *Colpitts*, 527 F. Supp. 3d at 589 (internal quotations omitted). "This requires a plaintiff to plead the 'exact terms of the warranty' as well as the plaintiff's reliance on those terms as a basis for the bargain." *O'Neil v. Argon Med. Devices, Inc.*, No.

317CV640DNHTWD, 2020 WL 1149904, at *7 (N.D.N.Y. Feb. 13, 2020), *report and recommendation adopted,* No. 317CV640DNHTWD, 2020 WL 1140511 (N.D.N.Y. Mar. 9, 2020). *See also Hingos v. W.L. Gore & Assoc.*, No. 316CV969NAMDEP, 2017 WL 3309095, at *6 (N.D.N.Y. Jan. 27, 2017) ("a plaintiff must allege . . . the exact terms of the warranty").

As evident from the actual statements ("Reef Friendly*" "*Hawaii Compliant: No Oxybenzone or Octinoxate" or "*No Oxybenzone or Octinoxate") that were the basis of the bargain, EPC did not make an express warranty that the products only include ingredients that do not cause harm to and/or kill coral reefs. Richardson cannot allege that she reasonably relied on *some terms* of the warranty, she must allege that she reasonably relied on the *exact terms* of the warranty. *See O'Neil*, 2020 WL 1149904, at *7; *Hingos*, 2017 WL 3309095, at *6. The only potential warranty here stems from the "Reef Friendly*" "*Hawaii Compliant: No Oxybenzone or Octinoxate" or "*No Oxybenzone or Octinoxate" statements on the product labels. If Richardson had relied on the complete and exact terms of "Reef Friendly*" "*Hawaii Compliant: No Oxybenzone or Octinoxate" or "*No Oxybenzone or Octinoxate," then no breach would exist because the representation is true.

Richardson criticizes the district court for holding "[t]he phrase 'Reef Friendly*' without anything more, is far too vague to create an affirmation of fact or promise required for an express warranty." A-118. But the district court is correct.

34

Not only is "Reef Friendly*" without anything more, vague, "Reef Friendly*," with an asterisk appended to it, is an obviously incomplete representation. As such, it cannot form the basis of a breach of express warranty claim. *See O'Neil*, 2020 WL 1149904, at *7; *Hingos*, 2017 WL 3309095, at *6.

Richardson further argues that "[t]he district court's narrowed focus on only Oxybenzone and Octinoxate misses the mark." Opening Brief at 39. But the district court only did what Richardson herself failed to do: read the label. The district court properly read the full terms of the exact warranty and correctly held that "the statement 'Reef Friendly*' as clarified by the '*No Oxybenzone or Octinoxate' or '*Hawaii Compliant: No Oxybenzone or Octinoxate' language on the back label, creates a warranty that the Products do not contain any Oxybenzone or Octinoxate." A-118.

Put differently, because Richardson admittedly did not read the "*No Oxybenzone or Octinoxate" language on the product she purchased, she cannot possibly argue that she understood the full and complete "Reef Friendly*" "*No Oxybenzone or Octinoxate" representation to mean anything other than the product did not include oxybenzone and octinoxate. By extension, Richardson cannot possibly argue she relied on the full and complete "Reef Friendly*" "*No Oxybenzone or Octinoxate" claim as a basis for her purchase. The district court properly dismissed Richardson's breach of express warranty claim.

## **CONCLUSION**

For the reasons stated herein, EPC respectfully requests that this Court enter an Order affirming the district court's order.

Dated: May 23, 2023

Respectfully submitted,

STINSON LLP

*/s/ Kieran Corcoran*
Kieran Corcoran
Telephone 646.883.7480
Fax: 917.439.4993
Email: kieran.corcoran@stinson.com
100 Wall Street, Suite 201
New York, NY 10005

Thomas H. Davis (*admitted pro hac vice*)
Telephone 816.691.3439
Fax: 816.412.1100
Email: thomas.davis@stinson.com
Megan McCurdy (*admitted pro hac vice*)
Telephone 816.691.2649
Fax: 816.412.9733
Email: megan.mccurdy@stinson.com
Courtney J. Harrison (*admitted pro hac vice*)
Telephone: 816.691.2354
Fax: 816.412.1172
Email: courtney.harrison@stinson.com
Logan T. Fancher (*admitted pro hac vice*)
Telephone 816.691.2692
Fax: 816.412.1132
Email: logan.fancher@stinson.com
1201 Walnut, Suite 2900
Kansas City, MO 64106

*Counsel for Defendant-Appellee*

## <u>CERTIFICATE OF COMPLIANCE</u>

This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) because the brief contains 6,687 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f).

This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because the brief has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Times New Roman.

<u>/s/ Kieran Corcoran</u>

*Attorney for Defendant-Appellee*

## CERTIFICATE OF PRIVACY REDACTIONS / DIGITAL SUBMISSION

No privacy redactions were necessary in this document. The hard copies being provided to the Court are exact copies of the electronic copies being filed with the Court through the ECF system. The document is a native PDF document. The digital submission has been scanned for viruses with the most recent version of a commercial virus scanning program, Sophos Endpoint Security and Control, Version 10.8, which is automatically updated daily. According to the program, the document is virus free.

/s/ Kieran Corcoran

*Attorney for Defendant-Appellee*

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2023, I electronically filed the foregoing with the Clerk of the Second Circuit Court of Appeals by using the CM/ECF system, which will send notice of electronic filing to counsel of record, and I will place one (1) copy of the same in the U.S. Mail, first class, postage pre-paid, to the following attorneys for Plaintiff-Appellant:

Glenn A. Danas
Ryan J. Clarkson
Katherine A. Bruce
Katelyn M. Leeviraphan
CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265
gdanas@clarksonlawfirm.com
rclarkson@clarksonlawfirm.com
kbruce@clarksonlawfirm.com
kleeviraphan@clarksonlawfirm.com

Neal J. Deckant
Brittany S. Scott
BURSOR & FISHER, P.A.
1990 N. California Blvd., Ste. 940
Walnut Creek, CA 94596
ndeckant@bursor.com
bscott@bursor.com

Timothy J. Peters
FARUQI & FARUQI, LLP
1617 JFK Blvd., Ste. 1550
Philadelphia, PA 19103
tpeter@faruqilaw.com

Attorneys for Plaintiff-Appellant

I additionally certify that six (6) exact copies of the Brief of Appellee submitted electronically will be sent via Federal Express overnight delivery, addressed to:

U.S. Court of Appeals for the Second Circuit
Office of the Clerk
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

As to all Certificates herein included,

/s/ Kieran Corcoran

*Attorney for Defendant-Appellee*